IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

IN RE:

PEACHTREE RIDGE MINING COMPANY, INC.,
a Kentucky Corporation,

                Debtor.

ROWLAND LAND COMPANY, LLC,

                Appellant,

v.                                            Civil Action Nos. 3:08-0318 and 3:08-0319
                                             Bankruptcy No. 07-30391

PEACHTREE RIDGE MINING COMPANY, INC.,
RHINO EASTERN LLC, and OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF PEACHTREE
RIDGE MINING COMPANY, INC.,

                Appellees.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the consolidated Notices of Appeal filed by Rowland Land Company, LLC. (hereinafter Rowland). In its first action (case no. 3:08-0318), Rowland appeals from the Order entered by the Bankruptcy Court on May 16, 2008, Approving the Debtor Peachtree Ridge Mining Company, Inc.'s (hereinafter Peachtree) Assumption of Leases with Rowland and Pocahontas Land Corporation pursuant to 11 U.S.C. § 365. In its second action (case no. 3:08-0319), Rowland appeals the Findings of Fact, Conclusions of Law and Order Confirming the Debtor's Second Amended Plan and Reorganization, which also was entered by the Bankruptcy Court on May 16, 2008. As the appeals arise from the same underlying bankruptcy case, this Court granted Rowland's motion to consolidate, and the Court set forth a briefing schedule for Peachtree

and Rhino Eastern LLC's (hereinafter Rhino) motions to dismiss. Having now reviewed the briefing on those motions, the Court **GRANTS** Peachtree and Rhino's Motions to Dismiss both appeals. [Doc. Nos. 13 and 18].

## I.
## PROCEDURAL HISTORY AND SUMMARY

Peachtree operated a business as a coal lessee and holder of permits for coal mining activities. On July 6, 2007, Peachtree idled its operations and terminated its employees. This case began on October 20, 2007, when Peachtree filed a voluntary bankruptcy petition under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. Following months of intense negotiations, Peachtree filed its initial plan for reorganization on April 2, 2008. On April 11, 2008, Peachtree filed its first amended plan for reorganization, and on April 25, 2008, it filed its second amended plan of reorganization (hereinafter referred to as the Plan). The Plan provided for the sale, pursuant to Sections 363 and 365 of the Bankruptcy Code, of substantially all of Peachtree's operational assets to a joint venture between Rhino and Patriot Coal Corporation. Also included in the Plan was the assignment of a key coal lease between Peachtree, as lessee, and Rowland, as lessor, (the Rowland Lease) to Rhino. The payment from the sale was sufficient to enable all allowed, non-insider unsecured claims, including Rowland's claim, to be paid in full. A hearing on the confirmation of the Plan was set for May 14, 2008. The time period allowed under the Bankruptcy Code to assume Peachtree's coal leases was set to expire on May 17, 2008. *See* 11 U.S.C. § 365(d)(4). A Motion to Assume the Rowland Lease and a second lease was set for hearing on the same day as the confirmation hearing.

The Rowland Lease is significant because it provides the portal for accessing the Peachtree mines. According to Rowland, the lease requires the lessee to mine all merchantable and mineable coal on the Rowland leasehold and advance mining at minimum tonnage levels each month. If the lessee mines the required amount of coal, then the lessee may continue the lease in effect indefinitely for wheelage purposes to move coal from other properties.

On May 9, 2008, Rowland objected to the Motion to Assume and the Plan. A hearing was held on May 14, 2008, in which the Bankruptcy Court overruled Rowland's objection. On May 16, 2008, the Bankruptcy Court entered the two Orders from which Rowland now appeals. Those Orders authorized the assignment of Peachtree's leases to Rhino and authorized the sale of Peachtree's assets to Rhino. The Plan was effective immediately.

On the same day the Orders were entered, Rowland filed its appeal and asked the Bankruptcy Court for an immediate stay. The Bankruptcy Court set an expedited hearing on the motion to stay for May 20, 2008. Thereafter, on the same day the Orders were entered and the request for the stay was made, Rowland filed a notice it was withdrawing its motion to stay. Since that time, Rhino asserts it has engaged in significant activities, including steps to begin rehabilitation of the coal mine complex previously owned by Peachtree.

## II.
## DISCUSSION

In its appeal, Rowland generally asserts that the Bankruptcy Court's findings modify its substantive rights under the lease. Rowland claims the modifications allow Rhino to escape the production provisions of the lease or account for the past failures to mine by Peachtree. According

to Rowland, the result is that Rhino can use the lease for wheelage to access its own coal reserves, but it does not have to mine Rowland's coal and pay the corresponding tonnage royalty.

Peachtree and Rhino have moved to dismiss the consolidated appeals on several grounds. The first argument both parties make is that the appeal is statutorily moot pursuant to 11 U.S.C. § 363(m) of the Bankruptcy Code. This provision provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). The Fourth Circuit stated in *In re Rare Earth Minerals*, 445 F.3d 359 (4th Cir. 2006), that "[t]his subsection creates a rule of statutory mootness." 445 F.3d at 363 (internal quotation marks and citations omitted). The rule was designed by Congress to promote finality and efficiency in bankruptcy, especially when third parties are involved in buying assets. As explained by the Fourth Circuit, "[w]ithout the protection of § 363(m), purchasers of bankruptcy estate assets could be 'dragged into endless rounds of litigation to determine who has what rights in the property.'" *Id.* (quoting *In re Sax*, 796 F.2d 994, 998 (7th Cir. 1986)). The effect of such uncertainty lowers sale prices of the assets to the detriment of both debtors and creditors. On the other hand, if a stay is granted, it allows the bankruptcy court to retain jurisdiction over the disputed property and "it forestalls the transactional complexities that arise if the sale to a third party is completed prior to final resolution of the claim." *Id.*

In *In re Rare Minerals*, the Fourth Circuit applied these principles to a situation in which the plaintiff appealed from a bankruptcy court's order which permitted the assumption of a lease of the debtor/lessee to a third party in which the plaintiff had an interest as a lessor. *Id.* at 361-62. The plaintiff failed to obtain a stay prior to the sale being finalized. *Id.* at 361. The Fourth Circuit found the plaintiff's failure to obtain a stay was fatal to her appeal and, therefore, it affirmed the district court's dismissing the appeal as moot. *Id.* at 364-65.[1]

Similarly, Rowland did not obtain a stay in this case. Although Rowland originally requested a stay, it dropped its request the very same day the request was made.[2] Thus, the sale was completed. Rhino asserts it has taken significant steps post-sale in rehabilitating the mine complex. Likewise, Peachtree states that its creditors were paid from the proceeds of the sale. Rowland argues, however, that its situation is distinguishable from *In re Rare Earth Minerals* because Rowland is not attempting to set the sale aside or unravel the Plan. Instead, Rowland argues that its appeal is limited to asking this Court to amend several of the discrete findings of the Bankruptcy Court which modify its substantive rights under the lease. Thus, Rowland contends that § 363(m) does not apply. Upon review, the Court disagrees.

---

[1]The Fourth Circuit also rejected the plaintiff's arguments that § 363(m) should not apply because state law would allow the sale to be set aside and the third party purchaser acted in bad faith. *Id.*

[2]*See In re Carr*, 321 B.R. 702, 709 (E.D. Va. 2005) (stating "[i]t is not . . . [appellant's] failure to request a stay that requires dismissal of his case as moot rather his failure to obtain one").

First, the Court finds that there is no doubt that § 363(m) applies to leases. As the Fourth Circuit explained in *In re Adamson Co.*, 159 F.3d 896 (4th Cir. 1998), "[i]t is elementary that a leasehold is personal property and possibly of value to the debtor's estate, thus the assignment of a lease for a valuable consideration is a sale of property to which § 363(m) applies." 159 F.3d at 898. Second, as asserted by Rhino, the terms of the lease which Rowland now seeks to alter were critical to Rhino agreeing to purchase Peachtree's assets. Rhino contends that it conditioned the purchase on the terms of the lease to ensure that Rowland could not terminate the lease based upon Peachtree's pre-confirmation defaults and to guarantee Rhino had enough time to rehabilitate the mine after the sale. It is obvious to this Court that the terms of the lease were a vital factor in the sale, and changing the terms of the lease post-sale would significantly impact Rhino as the third-party purchaser.

Although Rowland does not seek to set aside the sale, the effect of Rowland's request is that it substantially changes the asset which Rhino negotiated to buy. It would be entirely unfair to Rhino for this Court to unravel the terms of the lease after Rhino already paid for it. Moreover, the proceeds of the sale already have been distributed to the creditors, including Rowland, and Rhino already has expended considerable money and resources on rehabilitating the mine complex and resuming mining operations. Clearly, if Rowland was unhappy with the Bankruptcy Court's decision, it should have pursued a stay pending appeal. Instead, Rowland decided to withdraw its attempt to get a stay and merely pursue its appeals. This case is a perfect example of why stays are so important. At this point, the Court is in no position to change the terms of the lease, and the finality of the proceedings must prevail. *See In re Rare Earth Minerals*, 445 F.3d at 363 ("[w]here

a sale of a bankrupt's assets has not been stayed, an appeal challenging the sale's validity is moot because the court has no remedy that it can fashion even if it would have determined the issues differently. Thus, even if the bankruptcy court erred in authorizing the sale, the appeal must be dismissed." (internal quotation marks and citations omitted)).

### III.
### CONCLUSION

Accordingly, the Court **GRANTS** Peachtree and Rhino's Motions to Dismiss and **DISMISSES** Rowland's appeals from the docket of this Court. [Doc. Nos. 13 and 18].[3] The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   March 30, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] As the Court has determined the appeals are statutorily moot, it need not address Peachtree and Rhino's other grounds for dismissal.